WILLIAM H. MORGAN, guardian, etc., plaintiff in error, vs. JAMES P. and PHILLIP WEST et al., defendants in error.

1. Under the 2468th section of the Code, a suit may be brought on an administrator's bond, without first obtaining a judgment against the administrators for a *devastavit* by them, and a return of *nulla bona*:
2. *Held, also,* That the plaintiff should have been allowed to amend his declaration in this case.

Pleading. Amendments. Administrators and executors. Before Judge CLARK. Sumter Superior Court. April Term, 1871.

Morgan, in the name of the Ordinary of said county, for the use of himself as guardian of the minors of one Jackson, sued James P. and Phillip West, principals, and A. H.

West, security, averring as follows: On the 7th of November, 1865, said James P. and Phillip, as principals, and said A. H. West, as their security, entered into a bond, in the usual form, conditioned to perform all the duties devolving on them as administrators of Jackson W. Walker, and broke said bond, in that Walker died in 1864, being guardian of said minors, and then indebted to them $20,000 00, and since his death his said administrators have not paid said demand, though often requested.

After the plaintiff's counsel had read the declaration to the jury, defendant's counsel demurred, upon the ground that no action would lie against the security until the administrators were sued and a return of *nulla bona* was had. The demurrer was sustained. Plaintiff's counsel then moved to amend by leaving out the bond and the security, and averring that Walker died chargeable as aforesaid, said James P. and Phillip took charge of his assets and refused to pay said minors. The Court refused to allow this amendment, and dismissed the cause.

The sustaining of said demurrer and the refusal to allow said amendment are assigned as error, on the grounds that the plaintiff could proceed under his original count, and that the jury could frame their verdict so as to do equity between the parties; because said demurrer came too late, and because said amendment ought to have been allowed.

HAWKINS & BURKE; N. A. SMITH, for plaintiff in error.

C. T. GOODE, PHILLIP COOK, for defendant, cited Revised Code, section 3307; 7 Georgia Reports, 31, 549; 6th, 303. Amendment made new party, and was on new cause of action: Code, section 3430; 19 Georgia Reports, 313.

WARNER, Judge.

1. This was an action instituted on an administrator's bond, against the principals and their security, in the name of the

Morgan *vs.* West *et al.*

Ordinary, for the use of the plaintiffs. The defendants demurred to the declaration and the Court sustained the demurrer, on the ground, that a suit on the bond could not be maintained until a suit had first been brought against the administrators, judgment obtained against them, and a return of *nulla bona.* The plaintiffs made a motion to amend their declaration, which was overruled by the Court. Under the 2468th section of the Code a suit may be brought on the administrator's bond without first obtaining a judgment against the administrators for a *devastavit* by them, and a return of *nulla bona.*

2. The plaintiff could have amended his declaration so as to require the defendants to account for the estate of Walker, which came into their hands as his administrators, and for so much of the estate of the Jackson children, which came into their hands as the administrators of Walker's estate, if any, but only to that extent. The defendants were not liable on their bond for *waste* committed by Walker, as the guardian of the Jackson children in his lifetime, unless their property, so wasted by him, or some part thereof, came into the hands of the administrators as a part of Walker's estate. The administrators of Walker and their security, are liable on their bond to account to the plaintiffs for the amount of their estate, which came into their hands as part of Walker's estate, if any, and no more. The liability of the defendants on their bond as the administrators of Walker, and the liability of Walker as the guardian of the Jackson children, are two distinct causes of action, which cannot be joined in a suit on the administrator's bond for an account of the estate of Walker, which came into their hands as administrators on his estate. The administrators of Walker are liable for any debt due by the intestate at the time of his death, to the extent of the assets of his estate, which came into their hands as his administrators, in a suit on their bond, for the *waste* thereof by *them*, as such administrators.

Judgment reversed.